No. 27,539.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee.*

### SYLLABUS BY THE COURT.

HIGHWAYS—*Benefit Districts—Refunding Assessments to Landowners—Construction of Statute.* Section 5 of chapter 214 of the Laws of 1925, the law concerning refunding to landowners assessments collected for building roads under the benefit district plan, is permissive, not mandatory.

Appeal from Shawnee district court, division No. 1; JAMES A. MCCLURE, judge. Opinion filed January 25, 1927. Affirmed.

*Charles B. Griffith,* attorney-general, *Roland E. Boynton,* assistant attorney-general, *W. R. Hazen* and *C. J. Evans,* both of Topeka, for the appellant.

*Paul H. Heinz,* county attorney, and *Ed Rooney,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment of the district court declaring that section 5 of chapter 214 of the Laws of 1925 is permissive. That section reads:

"That section 68-607 of the Revised Statutes of Kansas for 1923 is amended to read as follows: Sec. 68-607. That the board of county commissioners in any county in which state highways have been built or may be built hereafter under the benefit district plan may apply the county and state road fund to the reimbursement in full of all assessments made and collected from landowners whose land lies one (1) miles or more from the road for which the benefit district tax was assessed and collected, and it may reimburse all landowners whose land lies within the first zone and not exceeding one (1) mile of the highway upon which a benefit district tax has been assessed and collected, in the amount over and above two per cent (2%) of the appraised value of said land and improvements: *Provided,* That no such reimbursement shall be made until proper maintenance of said road has been provided for."

---

The statute says that the board of county commissioners "may reimburse all landowners." The plaintiff contends that the statute means "must" reimburse all landowners. Statutes which use the word "may" are sometimes construed to mean "must." The construction must be gathered from the statute itself. There is nothing in the statute under consideration to indicate that the legislature intended to do other than what is declared in the language of the statute. That language is "may," not "must." If the legislature had intended to compel the county commissioners to reimburse landowners, it could have used language that would not have been doubtful. Such language was not used. The language used must therefore be followed.

The judgment is affirmed.